manner, is not fraudulently misappropriated if the money is obtained in a different way from that which was intended; if its negotiation effects the substantial purpose for which it was designed, it is not material whether it was effected in the precise manner contemplated, unless the interest of the party making it is prejudiced by the manner in which it was used. *Duncan* v. *Gilbert, 5 Dutch. 521.*

The decree should be affirmed, with costs.

Decree unanimously affirmed.

---

JAMES JACKSON and others, appellants,

*v.*

MIDDLETON BELL, respondent.

On appeal from a decree of the vice-chancellor, reported in *Jackson* v. *Bell, 4 Stew. 554.*

*Mr. T. N. McCarter,* for appellants.

I. As to equitable set-off.

*Tribble* v. *Taul, 7 B. Mon. 455; Black* v. *Whitall, 1 Stock. 572; Clark* v. *Cort, Cr. & Ph. 154.*

II. As to insolvency of the respondent Bell.

*Lindsay* v. *Jackson, 2 Paige 581; Gay* v. *Gay, 10 Paige 369; Smith* v. *Felton, 43 N. Y. (4 Hand) 419;* see *Simson* v. *Hart, 1 Johns. Ch. 83; Pond* v. *Smith, 4 Conn. 297; Robbins* v. *Holley, 1 B. Mon. 191; Brewer* v. *Norcross, 2 C. E. Gr. 219; Marshall* v. *Cooper, 43 Md. 46; R. R. Co.* v. *Rhodes, 8 Ala. 206; Byles on Bills 350.*

III. Relief cannot be obtained at law.

*Taylor* v. *Stowell, 4 Metc. (Ky.) 165.*

IV. An examination of the cases referred to by the vice-chancellor in his opinion.

*Murray* v. *Tolland, 3 Johns. Ch. 569.* The first point decided in this case was, that John B. Murray and James B.

Murray could not offset against Tolland and Meade a *separate demand of John B.* Murray against Meade. The second point was, that the claim of John B. Murray against Meade was without foundation. The third point was, that the claim of set-off (if any existed) was a tort sounding in unliquidated damages. Either of these grounds was sufficient to destroy the equity of the bill in this case. Insolvency and non-residence do not enter into the facts of this case.

*Rawson* v. *Samuel, Cr. & Ph. 161.* The first point decided in this case was, that although a court of equity may be of opinion that the facts of the case entitle the plaintiff in equity to have one demand offset against the other, the court will not give that relief *unless it has been distinctly prayed by the bill.* The second point was, that equitable set-off exists where the party seeking the benefit of it can show *some equitable ground* for being protected against his adversary's demand. The appellant shows the *non-residence and insolvency* of respondent Bell.

*Hewitt* v. *Kuhl, 10 C. E. Gr. 24.* The first point in this case was a matter of assignment, which is not applicable to the cause here in question. The second point decided was, that equitable grounds for set-off must be shown. This has been done by the appellant. The third point decided was, that the bill of complaint did not show any account or statements of facts from which the court could judge whether the complainant would probably be able to establish his claim. The appellant has fully shown such accounts, statements and facts.

*Whyte* v. *O'Brien, 1 Sim. & Stu. 551:* In this case it was decided that a person against whom a verdict had been obtained, having *afterwards* acquired a demand to a greater amount against the party who obtained it, is not entitled to an injunction to restrain proceedings on the verdict. This case is, therefore, not in point.

*Dodd* v. *Lydall, 1 Hare 333.* This was a matter of trustee and beneficiary. The latter was allowed to offset his trust

Jackson *v.* Bell.

accounts against the former's mortgage accounts. As far as this case goes it favors set-off.

*Gordon* v. *Pym, 3 Hare 223.* In this case the point decided was contained in the following interrogatories : Can a debtor withhold payment of a debt which, by law and in honor, he ought to have paid long since, merely by *saying* his creditors' securities for another unconnected debt will be found, upon accounts being taken, to exceed the amount of that other debt ? This case, therefore, is not in point.

*2 Story Eq. Jur.* § *1436.* This section recapitulates many of the points arising in the cases now under consideration. Note 2, under this section, affirms that *insolvency* is a ground for set-off in equity.

*Dade* v. *Irwin's Executor, 2 How. (U. S.) 389.* The real point decided in this case was, that a court of equity will not interfere to compel an *offset of a stale and suspicious* claim. This case, therefore, is not in point.

*Brown* v. *Hendrickson, 10 Vr. 239.* This was a matter of offsetting *assigned judgments.* This case has hardly a bearing upon the case in question, but favors set-off as far as it goes.

*Williams* v. *Davies, 2 Sim. 461.* In this case the doctrine of equitable set-off was maintained, though the court of king's bench would not allow the plaintiff's judgment to be offset against the defendants. This case, therefore, favors set-off.

*Simson* v. *Hart, 1 Johns. Ch. 93.* Set-off of judgment. An injunction was obtained on the ground that one judgment against *two* persons might be offset against a judgment of *one* of said persons against the plaintiff in the first judgment. Injunction was dissolved, appeal taken. See *Simson* v. *Hart, 14 Johns. 62 (1816).* The decree of the chancellor was reversed, and the injunction restored and made permanent. Chief Justice Spencer puts the *insolvency* of a party as a ground for equitable set-off. This case favors equitable set-off, and is a point for the appellant.

*Winchester* v. *Hackley*, *2 Cranch 342*. This case is not in point. There was no opinion rendered. It cannot be perceived why this case was noted in the vice-chancellor's opinion.

*Waterman on Set-Off* § *423*. In this case the principle contended for by the vice-chancellor is asserted, but from this principle, as there *unqualifiedly* stated, we respectfully dissent. In the last edition of this work, cases are cited which materially qualify the doctrine as stated in the text.

*Kerr on Injunctions 67*. Sections 5 and 6 recapitulate many of the matters which may be the subject of set-off. Most of the cases therein referred to, are now the subject of examination.

*Beasley* v. *D'Arcy*, *2 Sch. & Lef. 403*. In this case the tenant was entitled to redeem his lease upon payment of the rent due. In ascertaining the amount of such rent, a sum was deducted which was due to the tenant from the landlord, *for damage done in cutting timber*. As far as this case goes, it certainly favors the claim of set-off of the appellant.

*O'Connor* v. *Spaight*, *1 Sch. & Lef. 305*. In this case the rent paid formed a part of a complicated account. It was necessary to take an account of the whole transactions, in order to ascertain what sum was due from the tenant, to enable him to redeem his lease. This case supports the claim of equitable set-off.

*Piggott* v. *Williams*, *6 Madd. 67*. In this case it was decided that there was, taking the facts to be true, a clear case of equitable set-off. The cross-bill was retained. This case sustains the doctrine of equitable set-off.

*Lord Cowden* v. *Lewis*, *1 You. & Coll. 427*. This case cannot be found in the book cited.

*Stimson* v. *Hall*, *1 H. & N. 831*. In this case it was decided that damages for loss of coal could not be pleaded in a suit for the freight of the same. That an *equitable* defence could not be pleaded in a *suit at law*, but a cross-action must be brought. In this case no *special equity* was alleged, and

consequently there would have been no ground for a court of equity to interfere.

*Atterbury* v. *Jarvie, 2 H. & N. 114.* This was a suit for advances, or money lent on goods. The defendant pleaded, by way of set-off, that he was damaged by the plaintiff on the sale of the goods. The pleas were not allowed for the reason given in *Stimson* v. *Hall, supra,* that there was no *special equity* alleged, whereby a court of equity could have interfered.

*Duncan* v. *Lyon, 3 Johns. Ch. 351 (1818).* In this case an injunction had been allowed on a bill for discovery after verdict. The bill prayed an accounting &c., and that the defendant should be decreed to pay what should appear to be due the complainant. Among other matters pleaded was, that damages which might arise in an action of covenant, should be offset against the defendant's verdict. Injunction dissolved. The difficulty in this case was, that the complainant was too late. He ought to have brought cross-actions before, which he could have done, the defendant being resident. In the case before us, Bell is a non-resident.

*Howlet* v. *Strickland, Cowp. 56.* The point decided in this case was, that unliquidated damages arising from breaking a covenant could not be pleaded by way of set-off at law. Lord Mansfield refers to set-off *at law* and not to *equitable* set-off.

*Holbrook* v. *Receivers of Ins. Co., 6 Paige 223 (1836).* Vice-Chancellor McCoun was reversed by Chancellor Walworth, who allowed the *damages arising from loss* on a policy of insurance, to be offset against another claim. It certainly extends the doctrine of equitable set-off.

*Lindsay* v. *Jackson, 2 Paige 581 (1831).* First point—Equity requires that cross-demands should be offset against each other. Second point—In a case, not within the statute of set-off, chancery will permit an equitable set-off, if, from the *nature of the claim,* or the *situation of the parties,* justice cannot be obtained by a cross-action. Third point—*Insolv-*

*ency of one of the parties* is a sufficient ground for the court to exercise its equitable jurisdiction, in allowing an equitable set-off. Fourth point—A set-off will be allowed, on application of the complainant, where the *defendant is insolvent.* Vice-Chancellor Van Fleet seems to have entirely ignored the principles enunciated in this case. The respondent Bell is a *non-resident,* so that process could not be served upon him. He is, also, *insolvent,* and could not answer to a judgment against him.

*Mr. James B. Vredenburgh,* for respondent, cited:

*Rawson* v. *Samuel, Cr. & Ph. 161; Murray* v. *Tolland, 3 Johns. Ch. 569; Beall* v. *Brown, 7 Md. 393; Smith* v. *Washington Gas Light Co., 31 Md. 12; Tuscumbia R. R. Co.* v. *Rhodes, 8 Ala. 206; Pulliam* v. *Owen, 25 Ala. 496; Vose* v. *Philbrook, 3 Story 335; Livingston* v. *Livingston, 4 Johns. Ch. 292; Duncan* v. *Lyon, 3 Johns. Ch. 358; Hepburn* v. *Hoag, 6 Cow. 613; Davidson* v. *Albro, 16 Hun 357.*

PER CURIAM.

The decree in this case unanimously affirmed, for the reasons given by the vice-chancellor in the case below.

---

ELIZA TIPPETT, appellant.

*v.*

THOMAS R. WILLS, respondent,

On appeal from a decree of the chancellor on the following opinion of J. D. Bedle, esq., advisory master:

The bill alleges $11,500 as the profits. The answer states the amount collected at $11,500 total. There is an uncertainty or confusion somewhere as to the receipts of McAndrews's money. I am not satisfied that the payments